UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| ARNOLD FISHER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:15-cv-448-TAV-CCS |
| | ) | | |
| KNOX COUNTY JAIL, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM

Acting pro se, Arnold Fisher, an inmate confined in the Knox County Detention Facility, has submitted this civil rights complaint for damages under 42 U.S.C. § 1983, as well as an application for leave to proceed without payment of fees or costs.

**I.  The Filing Fee**

Plaintiff's application to proceed *in forma pauperis* reflects that he has a zero (0) balance in his inmate trust account [Doc. 1 p. 3], but it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Thus, his application is **GRANTED**, but he is **ASSESSED** the full filing fee of three-hundred fifty dollars ($350.00). *McGore v. Wrigglesworth,* 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Pursuant to 28 U.S.C. § 1915(b), the custodian of Plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but

only when such monthly income exceeds ten dollars ($10.00), until the full $350.00 filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).[1]

The Clerk is **DIRECTED** to send a copy of this memorandum opinion to the Sheriff of Knox County, Tennessee, to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act ("PLRA") relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of the memorandum opinion to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     Screening the Complaint

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992).

Under the PLRA, district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v.*

---

[1] Typically, the Court assesses an initial partial filing fee. However, because Plaintiff has a zero balance in his trust account, an initial partial fee will not be assessed. *McGore*, 114 F.3d at 606 (explaining that "no initial partial filing fee payment is required when a prisoner has [] no funds in a trust account").

*Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

### III. Discussion

#### A. Plaintiff's Factual Allegations

Plaintiff filed his complaint alleging that his constitutional rights have been violated by Defendants Knox County Jail, Knox County Jail Medical Department, Rick Sawyer, Tammy Strunk, and Chrissy Simonelli.[2]

In this complaint, Plaintiff states that the mental health department at Knox County Detention Facility provided him with a combination of Hyroxyzine for depression and anxiety, Tegretol for "T.L.S. [sic]," and Naproxen for pain [Doc. 2 p. 3]. Plaintiff complains that after two weeks of taking the provided medication he felt worse, so he complained to the mental health department "at the kiosk" [*Id.* at 4].

---

[2] Prior to filing his complaint, Plaintiff states that he presented the facts relating to his complaint in compliance with the prisoner grievance procedure at Knox County Detention Facility on September 21, 2015 [Doc. 2 p. 2]. No response had been received by Plaintiff as of September 29, 2015 [*Id.*]. The Court takes note that only fourteen days had passed from when Plaintiff filed his grievance until Plaintiff's complaint was filed with this Court.

3

Plaintiff states that the week following his complaint to the mental health department, he was provided a new medication called Buspirone [*Id.*]. Plaintiff claims that taking Buspirone made him feel "even worse," so he complained again to the medical health department kiosk [*Id.*]. After Plaintiff complained about his provided medication a second time, Plaintiff states that Chrissy Simonelli informed him that he would not be "given any new regimen" [*Id.*].

Plaintiff complains that "[his] head[sic] won't stop shaking, [he] keep[s] crying a lot worse than before, [and] [he] also can't be awaken" [*Id.*]. Plaintiff argues that Nurse Tammy Strunk "should be aware" of his medications and that he "should not be given something" without anyone knowing [*Id.*]. Additionally, Plaintiff complains that he never sees Rick Sawyer, who is the supervisor at Knox County Jail [*Id.*].

Plaintiff states that "not taking [medication] now makes [him] worse than if [he] take[s] it, but taking [medication] is hell" [*Id.*]. Plaintiff alleges that he was given the medication as a test for certain inmates to calm down [*Id.*]. Currently, Plaintiff is not taking any medication and is having "crazy thoughts . . . of killing people" [*Id.* at 6].

### B. Non-Suable Entities

Plaintiff has named Knox County Jail as a defendant. This defendant, however, is a non-suable entity because it is a building. Therefore, it is not a "person" subject to suit within the meaning of § 1983. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 688-90 (1978); *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983." (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991))); *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, because Plaintiff

4

cannot maintain this § 1983 lawsuit against a building, the Knox County Jail is **DISMISSED** as a defendant.

Similarly, the Knox County Jail Medical Department is not a suable entity. *See Hix v. Tenn. Dept. of Corrs.*, 196 F. App'x 350, 355 (6th Cir. Aug. 22, 2006) ("[W]e conclude that the defendant medical departments are not 'persons' under § 1983 . . . "); *Horton v. Hamblen Cnty. Jail Med. Staff*, No. 2:07-cv-01, 2007 WL 172523, at *1 (E.D. Tenn. Jan. 18, 2007) (concluding that the jail medical staff is a non-suable entity under § 1983); *Sullivan v. Hamilton Cnty. Jail Staff*, No. 1:05-cv-320, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006) (noting that the jail's medical staff and jail staff are subdivisions of the sheriff's department and not a legal entity subject to being sued (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1973)); *see also Holifield v. Mobile Cnty. Sheriff's Dept. of Mobile*, No. 07-0321-CG-C, 2008 WL 2246961, at *5 (S.D. Ala. May 29, 2008) (finding that the Mobile County Jail Medical Unit was a subdivision of the jail and not a distinct legal entity that could be sued under § 1983). Thus, Knox County Jail Medical Department is **DISMISSED** as a defendant.

Moreover, no specific allegations of wrongdoing have been made against Defendant Rick Sawyer, supervisor at Knox County Jail. Perhaps, Plaintiff has named this official as a defendant under the theory that he is a supervisor at Knox County Jail, and therefore, responsible for properly managing the staff and the operations at the jail. However, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Migh. Dep't of Corrs.*, 69 F.3d 76, 80-81 (6th Cir. 1995). Though respondeat superior does not provide a valid basis of liability, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981), *Monell*, 436 U.S. at 691, *Rizzo v. Goode*, 423 U.S. 362 (1976), Plaintiff can still hold Defendant Sawyer liable if he can demonstrate Defendant Sawyer implicitly authorized, approved, or knowingly

acquiesced in the alleged wrongdoing of any of their subordinates, *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). But he cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'" (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))). Plaintiff does not allege Defendant Sawyer knew of any of the complained of medical treatment. There are no allegations from which to conclude Defendant Sawyer condoned any subordinate's failure to act on any risks to plaintiff's health, safety, or well-being caused by the purported treatment or conditions of confinement. Accordingly, Defendant Sawyer is, therefore, **DISMISSED** as a party in this suit.

    **C.**     **Analysis**

Plaintiff's allegations, liberally construed, establish that he disagrees with the medical care he has received. Specifically, the Court interprets that Plaintiff disagrees with the medication provided to him to treat his feelings of depression, anxiety, and pain, and faults the above-named nurses for not being aware of his mental-health regimen. However, Plaintiff has not alleged that his medical treatment was prescribed to him by a doctor. Further, Plaintiff does not allege that any Defendant has completely denied him medical treatment for his alleged conditions, but rather that his jail medical providers have provided a variety of different medications to see which ones work best for his specific symptoms. Although he states that he is not currently on medication at this time, it is unclear from Plaintiff's argument whether he chose to stop medication due to negative side effects, or whether the medical department stopped prescribing medication to Plaintiff due to Plaintiff's complaints.

The Court finds that Plaintiff's allegations against Defendants are unclear and insufficient to state a cognizable claim under the Eighth Amendment. Although the Court is mindful that a pro se complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted.

## IV. Conclusion

In light of the above law and analysis, the Court finds that Plaintiff's contentions fail to state § 1983 claims against Defendants and therefore, this case will be **DISMISSED** sua sponte in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A.

**AN APPROPRIATE ORDER WILL FOLLOW.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE